IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL TODD MAYER,<br><br>Plaintiff,<br><br>vs.<br><br>FREMONT NEBRASKA CITY GOVT, and FREMONT PD,<br><br>Defendants. | **8:26CV301**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Michael Todd Mayer, a non-prisoner proceeding pro se, filed a pro se Complaint on June 29, 2026. Filing No. 1. Leave to proceed in forma pauperis was granted on June 29, 2026. Filing No. 5. The Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2), and, for the reasons set forth below, finds that it is, but in lieu of dismissal, the Court sua sponte grants Plaintiff leave to amend.

## I. SUMMARY OF COMPLAINT

Plaintiff brings suit pursuant to 42 U.S.C. § 14141, 18 U.S.C. §§ 241 & 242, the Americans with Disabilities Act,[1] and the Fair Housing Act,[2] naming the Fremont, Nebraska, "city government" and the Fremont Police Department as defendants and alleging claims of Eighth Amendment deliberate indifference. Filing No. 1 at 2-3. He alleges that his "rights [were] repeatedly denied" due to unspecified defendants' refusal to provide service

[1] 42 U.S.C. §12101 *et seq.*

[2] 42 U.S.C. § 3601 *et seq.*

and failure to investigate abuse and disability discrimination. Filing No. 1 at 4.

Plaintiff seeks $500,000 in damages. *Id.*

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## III. DISCUSSION

Due to the multiple pleading and jurisdictional deficiencies discussed herein, Plaintiff must amend his complaint in order to proceed.

Before a federal court can address the merits of any matter, it must first determine whether it has jurisdiction over the case as jurisdiction is a "'threshold requirement in every federal case.'" *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) (quoting *Sanders v. Clemco Indus.,* 823 F.2d 214, 216 (8th Cir.1987)). This is because federal courts are courts of limited jurisdiction, *see Filla v. Norfolk Southern Railway Co.*, 336 F.3d 806, 809 (8th Cir. 2003); *Alumax Mill Products, Inc. v. Congress Financial Corp.*, 912 F.2d 996, 1002 (8th Cir. 1990), meaning they may adjudicate *only* those cases that the Constitution and Congress authorize them to, which generally are those in which: 1) the United States is a party; 2) a federal question is involved; or 3) diversity of citizenship exists, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Here, Plaintiff cites to 42 U.S.C. § 14141, 18 U.S.C. §§ 241 & 242, the Americans with Disabilities Act (the "ADA"), and the Fair Housing Act (the "FHA") as providing a jurisdictional basis for this Court to preside over this matter. Filing No. 1 at 3. However, 42 U.S.C. § 14141 (which was transferred to 34 U.S.C. § 12601, effective September 1, 2017, and is no longer in effect) is a law enforcement misconduct statute that allows a civil action to be brought by the Attorney General, not individuals. *See* 34 U.S.C. §12601(b). 18 U.S.C. §§ 241 & 242 are both criminal statutes which are only enforceable by the federal government, not private citizens. *See, e.g.*, *Rockefeller v. U.S. Court of Appeals Office for Tenth Circuit Judges*, 248 F.Supp.2d 17, 23 (D.D.C. 2003) (dismissing claims brought pursuant to 18 U.S.C. §§ 242, 371 "because, as criminal statutes, they do not convey a private right of action"); *McIntyre on Behalf of S.B.M. v. Brown*, No. 1:18 CV 1893, 2019 WL 524071, at *4 (N.D. Ohio Feb. 11, 2019) (dismissing claims brought pursuant to 18 U.S.C. § 241 as it is a federal criminal statute). Because Plaintiff cannot bring suit under 42 U.S.C. § 14141 or 18 U.S.C. §§ 241 & 242, this Court does not have jurisdiction to proceed with this matter under these statutes.

While both the ADA and the FHA allow individuals to bring suit, Plaintiff does not specify what provisions of the FHA or ADA the defendants have allegedly violated. As both statutes are broad and cover a large swath of claims,[3] and because Plaintiff's complaint does not contain any level of detail

---

[3] The Fair Housing Act prohibits discrimination based on "race, color, religion, sex, familial status, or national origin" in housing. 42 U.S.C. § 3604. "There are three kinds of claims under the Fair Housing Act: (1) disparate treatment/intentional discrimination claims; (2) disparate impact claims; and (3) failure to make reasonable accommodations claims." *See, e.g.*, *Yocca v. Allegheny Cnty. Health Dep't*, 2026 WL 710102, at *4 (W.D. Pa. Mar. 13, 2026) (citing *Lapid–Laurel, LLC v. Zoning Bd. of Adjustment*, 284 F.3d 442, 448 n. 3 (3d Cir. 2002)). The ADA is divided into three main titles covering different areas of discrimination. Title I addresses employment discrimination, Title II covers public services provided by state and local governments, and Title III prohibits discrimination in public accommodations operated by private entities. *See, e.g.*, *Berger v. Gibson*, 2017 WL 11606604, at *3 (E.D. Ark. Nov. 16, 2017), *report and recommendation adopted*, No. 517CV00250BRWPSH, 2017 WL 11606605 (E.D. Ark. Nov. 27, 2017), *aff'd*, No. 17-3692, 2018 WL 11303593 (8th Cir. May 29, 2018).

which would allow this Court to determine whether either statute potentially applies, it is impossible for this Court to determine if it has jurisdiction over the suit. For example, the only mention of housing in his complaint is the following statement (listed under the heading "Relief"): "I'm getting illegally evicted from govt. funded apartments." Filing No. 1 at 4. This single statement does not provide enough information for any FHA claim to proceed as there is no connection between any actions taken by the named defendants and the conduct Plaintiff alleged in the complaint.

In fact, the complaint does not contain a single statement explaining who did what and when to Plaintiff which would support any potential claims as, aside from the listing of defendants, Plaintiff never mentions either defendant again. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation ... be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555). Therefore, as pleaded, even if this Court could ascertain it had jurisdiction over the matter, Plaintiff's Complaint fails to state a plausible claim for relief against any of the named defendants. *See Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (holding a court properly dismissed claims against defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption).

For these reasons, Plaintiff's Complaint fails to state a claim upon which relief may be granted against any named defendant and is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2). In lieu of dismissal, on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and

Order to file an amended complaint that sufficiently describes his claims against each of the defendants. *Plaintiff should be mindful to clearly explain what each defendant did to him, when each defendant did it, how each defendant's actions harmed him, and what specific legal rights Plaintiff believes each defendant violated under the ADA, FHA, or any other statute supporting this Court's jurisdiction.*

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim or claims upon which relief may be granted against any or all remaining named defendants in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, this matter will be dismissed without further notice.

2. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2), in the event he files an amended complaint.

3. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **October 30, 2026:** Check for amended complaint.

Dated this 30th day of September, 2026.

BY THE COURT:

John M. Gerrard

John M. Gerrard
Senior United States District Judge